IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES LOUIS PETERSON,     )
     )
     Petitioner,     )
     )
     v.     )     Civil Action No. 2:12cv391-TMH
     )     (WO)
GARY HETZEL, *et al.*,     )
     )
     Respondents.

**O R D E R**

The respondents have filed an answer (Doc. No. 7) in which they argue that to the extent Alabama inmate Charles Louis Peterson ("Peterson") challenges his January 2006 conviction for second-degree burglary, Peterson's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred by the one-year limitation period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1]  (Doc. No. 7 at 8-11.)  The respondents argue that to

---

[1]Title 28 U.S.C. § 2244(d) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(continued...)

the extent, if any, Peterson challenges a related conviction for felony murder, his habeas petition is both successive and untimely.  (*Id*. at 11-15.)

Exhibits submitted by the respondents indicate that on January 20, 2006, Peterson pled guilty in the Montgomery County Circuit Court to second-degree burglary.  (Doc. No. 1 at 9.)  On that same date, the trial court imposed a sentence of 20 years in prison.  Peterson appealed to the Alabama Court of Criminal Appeals ("ACCA").  However, on May 31, 2007, the ACCA dismissed  Peterson's appeal, on Peterson's motion, and entered a certificate of judgment in the case.  (Ex. 1.)  Peterson did not petition the Alabama Supreme Court for certiorari review.  Consequently, the one-year period for Peterson to file a timely § 2254 habeas petition challenging the second-degree burglary conviction began on May 31, 2007, and ran unabated before expiring on June 2, 2008, the first business day after May 31, 2008. *See Barnett v. Hooks*, No. 2:05cv408-MEF, 2006 WL 4586270, *3 (M.D. Ala. 2006).

---

[1](...continued)

>          (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>          (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Peterson filed his instant § 2254 habeas petition on April 27, 2012 -- more than three years after the one-year federal limitation period expired. Under the circumstances, then, it appears that the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) expired well before Peterson filed his petition challenging his second-degree burglary conviction.

As for Peterson's challenge, if any, to his conviction for felony murder, this court's records reflect that Peterson challenged that same conviction in a previous § 2254 habeas petition filed on June 13, 2005, and denied and dismissed with prejudice by this court on November 27, 2007. *See Peterson v. Mosley*, No. 2:05cv567-WKW, 2007 WL 4210883 (M.D. Ala. 2007). It does not appear that Peterson has requested or received permission from the Eleventh Circuit Court of Appeals to file a second or successive habeas petition challenging the same judgment, as required under 28 U.S.C. § 2244 (b)(3)(A). Accordingly, it appears that, to the extent Peterson challenges his felony murder conviction, his instant petition is successive and is not properly before this court. *See, e.g. Fugate v. Department of Corrections*, 301 F. 3d 1287, 1288 (11th Cir. 2002) ("The district court lacked jurisdiction to consider [the petitioner's] claim because he had not applied to this court for permission to file a successive application.)

Accordingly, it is

**ORDERED that on or before June 26, 2012,** Peterson shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1), and for the other reasons asserted in the

respondents' answer.

Done this 5th day of June, 2012.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE