IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES LOUIS PETERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12cv391-WHA |
| | ) | (WO) |
| GARY HETZEL, *et al.*, | ) | |
| | ) | |
| Respondents. | | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Charles Louis Peterson ("Peterson") on April 27, 2012. Doc. No. 1. Peterson appears to present claims challenging the 30-year sentence imposed upon his 1997 guilty plea conviction in the Montgomery County Circuit Court for the offense of felony murder, in violation of § 13A-6-2(a)(3), Ala. Code 1975. *See* Doc. No. 1 at 9-11; Doc. No. 9 at 2-4; Doc. No. 10 at 1-2. Peterson's arguments are difficult to parse, and it appears, but is not certain, that he may also challenge his 2006 guilty plea conviction for second-degree burglary, in violation of § 13A-7-6, Ala. Code 1975, for an offense factually related to his earlier felony-murder conviction.[1] *See* Doc. No. 1 at 9-11.

The respondents have filed an answer (Doc. No. 7) in which they argue that where

---

[1] The protracted post-conviction history of Peterson's case in the state courts is recounted in the Recommendation of the Magistrate Judge in Civil Action No. 2:05cv567-WKW, Doc. No. 16 at 1-5.

Peterson is challenging the sentence imposed for his 1997 felony-murder conviction, his petition is successive and should be dismissed because he did not obtain the required permission from the Eleventh Circuit Court of Appeals to file a successive habeas application.[2]  *See* 28 U.S.C. § 2244 (b)(3)(A).  The respondents maintain that if Peterson is challenging his 2006 conviction for second-degree burglary, his petition is time-barred under the one-year limitation period in 28 U.S.C. § 2244(d).

For the reasons that follow, the court finds Peterson is not entitled to federal habeas relief and that his petition should be denied and this action dismissed.

## II.  DISCUSSION

<u>Challenge to Sentence for Felony-murder Conviction</u>

As for Peterson's challenge to the sentence imposed upon him in 1997 for felony murder, this court's records establish that Peterson challenged that same conviction and sentence in a previous § 2254 habeas petition filed on June 13, 2005, and denied and dismissed with prejudice by this court on November 27, 2007.  *See Peterson v. Mosley*, No. 2:05cv567-WKW, 2007 WL 4210883 (M.D. Ala. 2007).[3]

---

[2] The respondents also argue that Peterson's petition challenging the felony-murder conviction and sentence is time-barred under the one-year limitation period in 28 U.S.C. § 2244(d).

[3] In that previous habeas petition, Peterson asserted the same claim he makes in his instant petition regarding whether the trial court complied with an order of the Alabama Supreme Court that, according to Peterson, only authorized the trial court to reinstate his felony-murder conviction, but not the sentence for that conviction.  This claim was litigated and found to be meritless by the state courts, and it was found to be meritless by this court as well when Peterson pursued it in his habeas petition. *See* Civil Action No. 2:05cv567-WKW, Doc. No. 16 at 3-12.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[4]  28 U.S.C. § 2244(b)(3)(B) and (C).

---

[4] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

> Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(continued...)

Peterson has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for federal habeas relief. "Because this undertaking [is a successive] habeas corpus petition and because [Peterson] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the instant petition for writ of habeas corpus challenging Peterson's Alabama sentence for felony murder should be denied and this case summarily dismissed. *Id*. at 934; *see also, e.g. Fugate v. Department of Corrections*, 301 F. 3d 1287, 1288 (11th Cir. 2002) ("The district court lacked jurisdiction to consider [the petitioner's] claim because he had not applied to this court for permission to file a successive application.)

Challenge to Second-degree-burglary Conviction

Assuming Peterson means to challenge his 2006 conviction for second-degree burglary, his petition is untimely under 28 U.S.C. § 2244(d).

Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

$^{4}$(...continued)
28 U.S.C. § 2244(b)(2).

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Peterson pled guilty to the second-degree burglary charge on January 20, 2006. On that same date, the trial court imposed a sentence of 20 years in prison. Peterson appealed to the Alabama Court of Criminal Appeals. However, on May 31, 2007, the Court of Criminal Appeals dismissed Peterson's appeal, on Peterson's motion, and entered a certificate of judgment in the case. Peterson did not petition the Alabama Supreme Court for certiorari review. Consequently, under § 2244(d)(1)(A), the one-year period for Peterson to file a timely § 2254 habeas petition challenging the second-degree burglary conviction began on May 31, 2007, and ran unabated before expiring on June 2, 2008, the first business day after May 31, 2008. *See Barnett v. Hooks*, No. 2:05cv408-MEF, 2006 WL 4586270, *3 (M.D. Ala. 2006). Peterson filed his instant § 2254 habeas petition on April 27, 2012 – over

three years after the one-year federal limitation period expired. He presents no basis, statutory or equitable, for tolling the limitation period. Therefore, any claims challenging his second-degree burglary conviction are time-barred under § 2244(d).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  The petition for writ of habeas corpus filed by Peterson be DENIED.

2.  To the extent Peterson challenges the sentence for his Alabama felony-murder conviction, this cause of action be DISMISSED under 28 U.S.C. § 2244(b)(3)(A), as Peterson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

3.  To the extent Peterson challenges his Alabama conviction for second-degree burglary, this cause of action be DISMISSED with prejudice, as Peterson failed to submit his claims challenging the conviction within the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that on or before September 18, 2014, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of September, 2014.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE